Oral argument not to exceed 15 minutes per side. Mr. Lauderdale for the petitioner appellate. Good morning, your honors. Jeff Lauderdale for the petitioner Howard Atkins. If I may, I'd like to reserve four minutes for rebuttal. You may. Your honors, this is a habeas case, but we're not here on the merits of this case, but on a very discreet legal issue regarding the alleged procedural default of my client's ineffective assistance of counsel claims. Ultimately, this case is on all fours with an intervening case called Sutton v. Carpenter, which was decided by a panel of this court in March of 2014. And this case should be remanded to the district court the same way that Sutton was. In 2000, my client was arrested as a juvenile. He went through the Tennessee criminal justice system before ultimately being convicted. He has identified 18 instances of ineffective assistance of counsel. That's three instances by his juvenile counsel before it was transferred, 12 instances of ineffective assistance by his trial counsel, and then there were three instances of ineffective assistance by his appellate counsel on direct appeal. This court granted a certificate of appealability on the juvenile in trial ineffective assistance of counsel claims, so that's the focus of this appeal. After his conviction, my client obtained counsel for his post-conviction collateral attack. That counsel had a series of personal tragedies and a number of other issues that caused him not to communicate with my client and caused him more or less to ignore the case, at least put it on the back burner with some other cases he was working on. As a result of that, he missed a lot of things and was in fact himself ineffective. Furthermore, he neglected to provide the certificate that the state of Tennessee requires for post-conviction counsel that says that he's consulted with his client and certifies that he is raising all the claims that his client wanted him to raise on post-conviction attack. He didn't do that here. So all in all, he was himself ineffective, so what we have here is double ineffective assistance of counsel. We have post-conviction counsel who was ineffective for failing to recognize or to raise the fact that juvenile and trial counsel were ineffective. Well, if you say we're supposed to do the Sutton case, we don't actually decide that, do we? Don't we send it back down to the district court to make that decision? I think that's the right call here, Your Honor. I think the case needs to be sent back to the district court to make the determination of… Because it's never made that decision. The district court has not made that decision. The district court never reached the merits on the habeas appeal. So what I'm asking for today and what we've asked for in the brief is that this court should just kick this back. That's what was done in Sutton. There's a number of ineffective assistance claims that my client brought that were never raised by his post-conviction counsel. With all the intervening authority, at least another panel of this court has already set the precedent that in these types of cases, what is to be done is that these cases are to be sent back to the district court. Let the district court figure it out. Let the district court decide on the merits because this court doesn't have the evidence in front of it to decide these claims on the merits. Let the district court figure it out. That is the precedent that has been set, and that's what we're asking for today. In fact, before we even got to argument, we had filed a motion for summary remand after the Sutton case came out. That's what we think should be done here. The case just needs to be sent back, and the district court needs to make these determinations. Is there anything in Sutton or the Supreme Court cases that says there's a right to go back for ineffective assistance at the juvenile court level? Now, that is a bit of an open issue, and that really is the only open issue. As I mentioned in my prologue, there were three instances of juvenile counsel ineffective assistance. There were 12 instances of trial counsel ineffective assistance. I don't think there's any dispute or that there really can be any serious dispute that the 12 instances of trial counsel ineffective assistance have to absolutely go back. That's what Sutton says. But on the juvenile counsel issues, that wasn't addressed by Sutton or by the two Supreme Court cases, Martinez v. Ryan or Trevino v. Fowler, because they weren't at issue there. Those cases only dealt with trial counsel ineffective assistance. So that's what the court was opining on. But in my estimation, there's no difference. I think that the Martinez and Trevino cases, and then by extension the Sutton case, were all driven by the idea that there is a right to counsel at trial. It is obviously a critical stage for Sixth Amendment purposes. So that's kind of the backdrop of all of these cases, is when you have a critical stage, when you have a right to counsel, and when the ineffective assistance of that counsel cannot be raised or cannot be meaningfully raised or it's virtually impossible to raise it until a post-conviction attack, then in those instances then the procedural default mechanisms are somewhat abrogated because although the court's never said you have a right to counsel, a right to effective assistance of counsel at the post-conviction stage, that's essentially what they're saying by extension. Well, it could have been raised, the ineffective assistance of counsel at the juvenile court level could have been raised earlier, right? Because they switched lawyers and you can bring that up in the direct appeal. Well, I would slightly disagree with that, Judge Seiler. I would disagree with that in the same way that Trevino clarified that type of analysis. You can bring it on direct appeal, but you can also bring trial court ineffective assistance of counsel claims on direct appeal. But that's what Trevino and then Sutton clarified, is that in Trevino, Martinez first said if there is a technical right to appeal, to a direct appeal, then the claims are procedurally defaulted if they're not raised on post-collateral attack. Okay, Trevino cleaned that up and said, okay, even if there's a technical right to bring it, if by practical effect the state's mechanisms don't provide a meaningful opportunity to do so, such that it's virtually impossible to do so on direct appeal, then we'll forgive it for purposes of procedural default. And then Trevino applied to Texas, of course, and then Sutton v. Carpenter, which was this Court's case, is the case that applied it then to Tennessee. It's the same thing with the juvenile court claims. They're still ineffective assistance claims. Can you bring them on direct appeal in Tennessee? Technically, yes, you can, but it's the same thing that was at issue with Sutton. But they're never brought on direct appeal because of the timing mechanisms and all of the ‑‑ I would think that would be easily in the criminal courts because that's just a preliminary act there, right? Well, it's akin to a preliminary hearing for sure, but it's the same analysis that this Court did in Sutton with respect to trial court claims that nobody brings the juvenile court claims on direct appeal. And, in fact, there is a ‑‑ I think, again, I would respectfully disagree with you, Judge Seiler. I think it's a number of factors that cause people not to bring them. For instance, in Tennessee, in order to bring an ineffective assistance of counsel claim on direct appeal, you first have to bring it in a motion for a new trial. But in Tennessee, you don't automatically get an evidentiary hearing on the motion for a new trial. And then there's case law coming out of Tennessee that says it's ineffective to bring ineffective assistance of counsel claims on direct appeal because of the lack of an evidentiary hearing to support them when you just bring them on appeal. So Tennessee courts have themselves found that the best way, although not technically the only way, but certainly the best way to bring an ineffective assistance of counsel claim is in a post‑conviction collateral attack because you get an evidentiary hearing. And that's in the Tennessee state case law. I'm sorry. Counsel, the question that I had was that you have the 12 ineffective assistance of trial counsel claims. And on my reading, it seemed to me that one or two of those perhaps were raised but simply not pursued on appeal. Claim two and perhaps claim eight. Could you address where that falls out there? Yes, Your Honor. I'm sorry. I don't know which one's two and which one's eight. But of the 12 ‑‑ Claim eight is the expert witness one. And claim two, I don't have that one in front of me. Of the 12 trial counsel claims, certainly there was one that I know of that was brought on at the first level, the initial post‑collateral attack. It had to do with the failure to raise certain issues with respect to voir dire. That's claim two, I believe. Okay. And I know there was an instance of juvenile counsel ineffective assistance relating to juvenile counsel's failure to inform my client that he had the right to testify that was raised. They were not pursued at the appeal from the post‑conviction collateral attack. So it's the same analysis here with respect to those. It's still ineffective assistance of the post‑conviction counsel to raise those. So it's still ‑‑ Yes, I thought part of the analysis was that you didn't raise it at the first opportunity to raise it. And in those cases, they did raise it at the first opportunity. It was simply not raised on appeal. And do you have a right to appellate counsel as well as trial counsel in this situation? It's the same analysis. And, again, just to clarify, we're only talking about two of the 15 overall claims here. I understand. There are still 13. If we write it this way, we have to talk about them. Right. And that's not addressed in any of the case law, you know, because up until Martinez, Trevino, and Sutton, it was always understood that there was no right to effective counsel of post‑conviction counsel. Now, the courts have extended the right to counsel in the regular trial setting to appellate counsel. So if the Supreme Court and this court are leaning toward a right to effective assistance of counsel at the post‑conviction stage, there's no reason that it shouldn't likewise apply and extend to appellate counsel at that point. At least you do seem to be saying that that's a different issue and maybe more of an open issue, that is that people have not ‑‑ cases have not affirmatively said you have a right to counsel on appeal of post‑conviction. And I say them all the time. I can answer your question. Yeah. I think that's right. I see your analysis, but I just want to be clear that ‑‑ It has not been directly addressed by any of the cases. So my argument on that is it's a logical extension of where we are with the law. Okay. Fine. Thank you, counsel. You'll have time for rebuttal. Thank you, counsel. Good morning. May it please the Court, Nick Spangler on behalf of the Respondent and Warden. This court should deny the petitioner's motion to remand, which it already has, and affirm the dismissal of various defaulted claims because the petitioner offers no cognizable basis to excuse those particular defaulted claims. The petitioner invokes Martinez and also this court's Sutton decision to argue that post‑conviction counsel's failure to raise certain ineffective assistance of trial and juvenile counsel claims alone excuses the procedural default of those claims. But the ineffective assistance claims at issue in this case fall into one of three categories. The first category of claims are claims of a subject matter type that are simply outside the purview of Martinez. The second category of claims are claims that are outside of the purview of Martinez because their default did not stem from any action or inaction of initial collateral review counsel, but rather the inaction of appellate collateral review counsel. And the third category of claims are claims that facially did not meet the substantiality threshold for consideration under Martinez. I'll first address that first category of claims, claims that are the wrong subject matter type for consideration under Martinez. Martinez held as an equitable matter that the ineffective assistance of post‑conviction counsel may excuse the default of a claim of ineffective assistance of counsel at trial specifically. Notwithstanding, the petitioner invokes Martinez in an attempt to excuse the default of three juvenile court counsel claims, ineffective juvenile court counsel claims. But there's nothing to support this argument either in the text of Martinez' opinion itself or in this court's precedent since. Indeed, the Martinez court described its limited equitable holding as narrow in nature, and accordingly this court has adopted a decidedly strict interpretation of that decision since. In Hodges, this court emphasized, quote, we will assume that the Supreme Court meant exactly what it wrote, that is that an attorney's negligence in an initial collateral review proceeding may excuse the default of an ineffective assistance of counsel claim at trial. The court emphasized the at trial segment of the quote from Martinez' opinion and went on to hold that direct appeal and effective assistance claims do not qualify for consideration under that decision. There's also nothing inherent in, thus the momentum of this court's precedent cuts against the petitioner's argument for an expansive construction or interpretation of the Martinez opinion. It's also important to look at the inherent nature of the juvenile court counsel claim in this case. There's nothing inherent about that claim that supports the petitioner's argument for an expansive interpretation of Martinez. The Supreme Court's justification for creating the narrow exception was born out of the recognition of the idea that the criminal trial is the fundamental proceeding that's concerned with adjudicating the guilt or innocence of the accused. Here, the petitioner's juvenile transfer hearing had nothing to do with determining the petitioner's guilt or innocence. And whether the petitioner was constitutionally entitled to effective assistance during that proceeding is not determinative and that's not the question before this court. Indeed, the right to effective appellate counsel is constitutionally guaranteed, yet this court explicitly excluded that category of claims from consideration under Martinez. The petitioner urges this court to expand Martinez to apply to juvenile court counsel claims because that's a critical stage of the criminal process. And the state would concede that that is a criminal stage of the criminal justice process, but that's not the determinative factor. If the Martinez court had intended its holding to apply to any critical stage of the criminal justice process, it could have said so. It did not say this, however. And so the respondent would urge this court to, again, to just adhere to its commitment to assume that the Supreme Court meant exactly what it wrote and only extend Martinez to or interpret Martinez as applying to ineffective assistance of counsel claims at trial. Next, I'll address those claims that fall outside the purview of Martinez because initial review collateral counsel was not responsible for the default. I believe two claims were addressed. The state would submit that there are actually three claims. We touched on the claim that counsel failed to inform the petitioner of his right to testify and that his testimony could not be used against him. And I think we also touched on the trial counsel failed to call an expert witness. There's actually a third, and that is the trial counsel failed to object to the prosecution's extraction of an improper promise from the jury. We'd submit that that also does not fall under the purview of Martinez, again, because those were defaulted not as a result of any action or inaction of initial review collateral counsel. And I think contrary to the petitioner's argument, there is direct case law from this court on that point, and that is the relatively recent Wallace decision, which this court, again, honored its prior commitment to assume that the Supreme Court meant exactly what it wrote in holding that Martinez does not apply to excuse. Do you know which number that third one is? I'm not sure which number it appeared in. On the list in front of me, I focused on two and eight that I had extracted, but I'm sure I can extract it if I need to. I'm not sure which number that is. But Wallace did specifically hold on this point. It essentially said that if a claim was raised in the operative postconviction petition in state court by initial collateral review counsel, and particularly if that claim was adjudicated by initial collateral review court, that is the trial-level postconviction court. Let me ask you about, because you used two good words there, raised and adjudicated. The claim about not having called expert witnesses clearly was adjudicated in the sense that the court addressed it, albeit briefly. When I went back to try to find how it was raised, and correct me if I'm wrong, I didn't find anything except at page ID 1765 some place in which the defendant testifies about why were you dissatisfied. He says, well, he didn't call expert witnesses. Number one, did I miss anything else that raised it? You're exactly right. I actually confirmed this last night. I was double-checking these to see which ones were raised in the operative petition. Okay, and so does that count as raised? Granted that the court did address it, and that was good of the court, but raised it that way, does it count, and if so, why? It does, and the reason that it counts is the state courts in adjudicating postconviction claims will often not only adjudicate the claims that are raised in the operative petition, but they will conform their rulings to the proof at the actual postconviction hearing. And I think that's – I didn't see the example that Your Honor was talking about where it was apparently raised. I noticed that – I also noticed that I don't think that it was raised in the postconviction petition. Okay, so you're saying that the practice should be that what you called conforming the ruling to the proof, if the proof raises an issue and the court addresses the issue, then that should count. It should be deemed raised by initial review collateral counsel and therefore not subject to the margin of error. You're saying that the court ruled on it even if it wasn't raised. No, Your Honor. We're saying that even if it wasn't specifically raised in writing in the operative postconviction petition, that if somehow counsel raised the issue during the proof in the postconviction proceeding, that because the state practice is for the court to sometimes rule on issues that are raised during the proof that may not necessarily appear in the pleadings, that therefore it is deemed raised and adjudicated. And sometimes what will happen is postconviction counsel may raise a claim during the proof and then file like a post-hearing brief or a consolidated petition in which it will sort of say, well, we put on proof. I don't think they did it in this case. But nonetheless, the trial-level postconviction court did adjudicate that claim. So those are, again, three additional category of claims that we say are not under the purview of Martinez because of this court's holding in the Wallace opinion. And finally, I'll address the third category of claims, and this is perhaps the most interesting category of claims, and those are the ones that fail to meet the threshold of substantiality for consideration under Martinez. Again, one aspect of the Martinez holding is that it said that when the state is faced with the question of whether or not there's cause to excuse the default, again, of a trial-level ineffective assistance claim that was defaulted as a result of initial collateral review counsel, the state may answer that the ineffective assistance of trial counsel claim is insubstantial. That is that it's essentially devoid of merit. That's, again, a relatively low threshold to meet. And opposing counsel and the petitioner is correct that that standard has been equated to the standard associated with this court's or the district court's level granting a certificate of appealability. So in response to the argument that this court has essentially already ruled on the merits of the claim insofar as it's commented on the substantiality of the claim for the purposes of Martinez by essentially granting the certificate of appealability, really the only response the state can think of is, A, there's no case law to specifically, even though it equates the two standards, there's nothing to say that because the court's already issued a certificate of appealability, it can't go on to then address the claims for determining substantiality under Martinez. There's no explicit holding standing for that prospect or that idea. Second of all is sort of a different route I'd like to take the court down. If the court is inclined to find that it has already ruled on the substantiality question by previously granting the certificate of appealability on all these ineffective assistance claims, the state would urge the court to consider the idea that it is certainly entitled and we would encourage the court to rule on a basis other than the district court's ruling. In other words, the district court dismissed all these claims on the basis of procedural default. This court can do a number of things. It can consider the procedural default question, go down the rabbit hole of the Martinez question, or it can completely throw those two questions completely out. It can throw those questions out and just rule on the merits of the underlying ineffective assistance claims under de novo review. So if the court is inclined to find that the claims are- That sort of makes us do the district court's work. I'm not saying that it's a question of laziness. That's the kind of work that a district court is normally the better source for. I think for certain sorts of claims that could be the case. But when the court takes a close look at the ineffective assistance claims that we would concede qualify for consideration under Martinez, that is the trial-level counsel claims defaulted at initial collateral review proceedings, I think it's easy to make a merits-based ruling just on the face of those claims and on the record of the state court proceedings that already exist. Let me ask you a judicial economy point. Obviously because of the timing here coming after Martinez but before Trevino and Sutton, we have a bit of a problem conundrum here. But should not this be a time-bound problem? That is, in the future, after Sutton, the courts have guidance. And so if this is sort of a limited area, why isn't it better to let the district courts have a whack at it and not have us try to get into the business that we're not usually in of doing the first instance review because it's only going to be for a closed period? And I think if I'm correct, I think this case actually was decided by the district court after the Martinez opinion came out but certainly obviously before the Sutton opinion came out. So I think one interpretation could be that essentially the district court already has decided the Martinez question. Obviously it decided the Martinez question without the benefit of this court's holding in Sutton. But nonetheless, it determined that the Martinez holding didn't apply. Obviously we don't have sort of particularized reasons for why it didn't think that Sutton applied. But nonetheless, I certainly think it's worth this panel's effort to at least go through and pick out those claims that categorically don't qualify for consideration. And then beyond that, I think it's worthwhile to look facially at the ineffective assistance of trial counsel claims that do qualify and make a de novo merits-based decision on those because those claims are so patently meritless from the face of the claims and the record before the court. And I'll sort of illustrate an example. It would be one thing if there was an ineffective assistance claim at issue here of let's say an alibi, failure of trial counsel to pursue an alibi witness. And therefore it was necessary to go back to the district court and put on evidence, establishing that there was this valid alibi witness and that post-conviction counsel didn't, you know, didn't pursue this alibi witness despite knowing about it. But these are claims, and I'll just touch on a few briefly that were briefed in the petitioner's appellate brief. These are claims that can clearly be decided on the record before this court without the necessity of going back and developing the record in the district court further. For example, one of the claims is that counsel was ineffective for failing to request jury instructions on lesser-included offenses for reckless homicide and negligent homicide. This is a case where the trial court did instruct on lesser-included offenses, I think, for example, like second-degree murder, but the jury showed an obvious disinclination to convict on any lesser-included offenses by finding the petitioner guilty of first-degree murder. The Tennessee case law establishes that where the jury shows such a disinclination, there's clearly no prejudice by failing to instruct on any lesser-included offenses, even though those lesser-included offenses, you know, would have been justified to be instructed under the law because the jury showed that disinclination. So that's the sort of claim. There's no need to develop the record further on a claim like that. It's evident from the record that there's no way he's going to be able to establish prejudice, either of post-conviction counsel for failing to raise the claim or prejudice under the Strickland standard on the underlying ineffective assistance of trial counsel claim just because of the nature of that claim itself. And I think if the court takes a close look at each one of the ineffective assistance of counsel claims alleged, it could make such a finding on each one of those under the de novo standard review to assess whether or not the trial counsel claim meets the Strickland standard. Another example is if you go through and look at some of the ineffective assistance of trial counsel claims raised, a lot of those relate to underlying claims in which there was a plain error determination made on the direct appeal. That is like an evidentiary claim where counsel failed to object and then it was raised on direct appeal and the court found no plain error by the admission of the evidence. A lot of the ineffective trial counsel claims raised here relate to those sorts of omissions by trial counsel. So given that there are sort of those decisions by the state court on those underlying issues showing that they don't have merit, we'd submit that this ineffective assistance of trial counsel claims before this court are right for determination now. Judicial economy favors the determination on those claims now. And so we'd simply ask that you affirm the decision of the district court unless the panel has any further questions. Counsel. Thank you. Remaining time for rebuttal. Thank you, Your Honor. Using Mr. Spangler's framework, I'd like to clarify exactly what we're talking about here. With the three categories that my opponent talked about, first of all, again, the juvenile court claims, which was the first category he talked about, there's only three of the 15 fall into that category. The second category, those that were raised in the initial post-conviction petition but then neglected on appeal, my opponent says there were three. I say there were two. Accepting what he said, there's three, one of which was a juvenile court claim, so there's one that overlaps. So at best, we're talking about five that fall within the two categories. So there are ten trial court claims that my opponent admits don't fall into those first two categories, and the only argument that the state has that those claims shouldn't be sent back is this idea of substantiality. First, I'd like to remind the court what the precedent is here as it was set forth in Sutton. In Sutton, they didn't do a substantiality analysis. They just sent the claims back, and I think that's the right call here for all the reasons that Judge Boggs, that you laid out. This court isn't, with all due respect, equipped. They really didn't treat that. I mean, they simply did send it back. They didn't say that we are rejecting the idea of ever doing substantiality, did they? They did not. They did not, but they sent them back. They sent them back for the district court to figure out, and I think it was for all the reasons that you set forth, which is that this court is not the best equipped court to make that determination at this time. This court doesn't have the evidence in front of it to do so. The evidence hasn't been developed, and so it's the district court that needs to make the determination on whether or not these claims are substantial or whether or not they have been defaulted. Some of them would just be a matter of law, right? I'm sorry, Your Honor? Some of them would just be as a matter of law. You wouldn't have to take any evidence on some things. I think all of these are going to be factual disputes. I mean, taking for example the example that Mr. Spangler raised with respect to the lesser included offense and the failure to raise the lesser included offense, okay, that's not a matter of law. I disagree with my opponent's reading of the case law on that. I mean, for instance, the Supreme Court in U.S. v. Keeble and then in Beck v. Alabama, even though that was a capital case, has come out and said that you can't just look at what the jury convicted on and say, well, they convicted him of first-degree murder, so therefore we didn't need an instruction on second-degree murder. That's not how it works. There's a lot of case law, Supreme Court case law. Again, in U.S. v. Keeble, they go through the analysis where they talk about that it doesn't work that way because of the psychological effects of the jury. I thought he said that you did get an instruction on the next level down. You just didn't get instructions on yet further down, which logically undercuts your argument because they did have an ability to go down somewhat, and if they didn't do that, you would think it's illogical to go further down. Well, right. It's not like a Russian nesting doll where you get to keep going and going, but the question of was there a rational basis for the lesser-included offense still has to be done, and I agree that there comes a point in time where it's, okay, there's no more rational basis. Okay, but that analysis hasn't been done, I guess is my point, and that's for the district court to make that analysis in the first instance. I don't think that it's proper for this court to do so, or at least not that this court doesn't know how to do it, but it's the domain of the district court to make that determination in the first instance, and that just hasn't been done here. And, you know, all in all, we have the same case that we had in Sutton, which is just that there is a, you know, as you pointed out, Judge Boggs, just a timing issue. The district court issued its decision before the clarification came in Trevino that, you know, it doesn't have to be a technical right, and then in Sutton it applied it to Tennessee, and, you know, this is a timing issue more than anything. So if there are no more questions, my time is up, and I will sit down. Thank you, counsel. That case will be submitted. The remaining cases will be submitted.